### 10419.   THOMAS *v.* HINES, director-general, etc.

Under the allegations of the petition, the injury to the plaintiff when he stepped on a broken bolt between the rails of the track where he was at work in the railroad company's repair yard gave no cause of action against the company.

DECIDED OCTOBER 10, 1919.

Action for damages; from Chatham superior court—Judge Meldrim. January 27, 1919.

Application to the Supreme Court for certiorari in this case was refused.

Thomas sued the Central of Georgia Railway Company for injuries alleged to have been received when he stepped on a broken draft bolt in the railway company's repair yard while engaged with a gang of employees of the company in pulling car-wheels on a track for the purpose of moving them. By amendment the director-general of railroads of the United States government was substituted for the railway company as defendant. In addition to the facts stated in the following opinion the petition alleged, that it was the duty of employees of the defendant, who were employed for that purpose, to keep obstructions removed from the ground upon which the plaintiff and other employees were working, so that employees who did not have time or opportunity to look out for obstructions while engaged in their work might not be injured thereby; that the defendant company, in the exercise of proper care, ought to have known of the presence of the draft bolt upon the track, and should not have permitted it to remain there; that it was not the plaintiff's duty to inspect the ground, and he assumed, as he had a right to assume, that those portions of the plant by which his safety would be affected were in proper condition and had been properly inspected by the defendant company and were in a safe and suitable condition for use; that the defendant company was guilty of negligence in failing to maintain a safe place of work; that the employees employed to remove bolts and obstacles were negligent in failing to do so; that the employee who dropped, placed, or permitted the bolt to remain on the ground was negligent, and that the company was negligent in failing to inspect the premises and discover and remove the bolt. It was alleged that the plaintiff himself was without fault; that he did not see the bolt and had no opportunity of seeing it, as his back was turned to it, and he had no reason to apprehend the presence of the bolt or any other obstruction, because the defendant had other employees whose duty it was to remove such obstructions.

*Oliver & Oliver,* for plaintiff, cited, in addition to cases cited in the following opinion: *Ga. Railroad* v. *Hunter,* 9 *Ga. App.* 382, 384; 12 *Ga. App.* 294; *S. A. L. Ry.* v. *Bishop,* 132 *Ga.* 71; *Walker* v.

*A. & W. P. R. Co.*, 103 *Ga.* 820, 823-7; *Austin* v. *Appling*, 88 *Ga.*
54 (2); *East Tenn. &c. Ry. Co.* v. *Smith*, 90 *Ga.* 559; *Hubbard* v.
*Macon Ry. Co.*, 5 *Ga. App.* 223 (2); *Green* v. *Babcock Lumber Co.*,
130 *Ga.* 469, 472; *Blackstone* v. *Cen. Ry. Co.*, 105 *Ga.* 380; *So. Ry.
Co.* v. *Diseker*, 13 *Ga. App.* 799 (5), 807, 817; *So. Cot. Oil Co.*
v. *Gladman*, 1 *Ga. App.* 259; *King Mfg. Co.* v. *Walton*, 1 *Ga. App.*
403; *Syms* v. *Cen. Ry. Co.*, 17 *Ga. App.* 699, and cit.; *S. A. L. Ry.*
v. *Pierce*, 120 *Ga.* 230; 122 *Ga.* 664; *Pullman Co.* v. *Martin*, 92
*Ga.* 161; *Ga. R. Co.* v. *Rayford*, 115 *Ga.* 937.

*Lawton & Cunningham*, for defendant, cited: *A., B. & A. Ry. Co.*
v. *Smith*, 23 *Ga. App.* 198; *Boney* v. *Dublin*, 145 *Ga.* 339, 342;
*Thomas* v. *Granite Co.*, 140 *Ga.* 459-62; *Zipperer* v. *S. A. L. Ry.*,
129 *Ga.* 387; *So. Ry. Co.* v. *Taylor*, 137 *Ga.* 704; *Kilgo* v. *Rome
Soil Pipe Mfg. Co.*, 16 *Ga. App.* 737; *Lee* v. *Cen. R. Co.*, 86 *Ga.*
231; *East Tenn. &c. Ry. Co.* v. *Reynolds*, 93 *Ga.* 570; *Butler* v.
*Atlanta Buggy Co.*, 10 *Ga. App.* 178, 180.

BLOODWORTH, J.  Judge Meldrim, in his order sustaining the
demurrer to the petition in this case, says:

"In the view which I take of this case I do not deem it necessary
to decide the issues raised by the demurrer, except the ground that
the petition fails to set out a cause of action.  It appears that the
defendant railway had repair-yards in which there were tracks
known as 2 and 3.  On track No. 2 there was a bad-order car,
from which it was necessary to remove a pair of wheels and 'carry
them to the wheel-press, get a new pair from the wheel-press, and
carry them back to the car to be placed under the car.'  The gang
of men of which plaintiff was a member having removed the old
wheels and taken them to the wheel-press, and the new wheels hav-
ing been moved down to No. 3 track to a place nearly opposite the
out-of-order car, it became necessary to move the wheels from
No. 3 track on to No. 2 track, and then to be rolled under the car.
As plaintiff stepped inside of track No. 2 he stepped on a broken
bolt.  This bolt was iron, round, 3/4 inches in diameter and from
8 to 12 inches long.  It rolled, caused his foot to give way, he fell
and the wheel ran on his foot, crushing it.  The place where the
accident occurred was 'in the freight repair track department' in
the yards of the defendant.

"1.  The place where the accident occurred was in a railway-
yard, where repair work was going on, and when [where?] the work

in its progress necessarily changes the character for safety of the place. The rule of a reasonably safe place to work does not, therefore, apply.

"2. The plaintiff had just before the accident passed through that part of the yard, and over or very near the draft bolt, when he removed the wheels from under the car on No. 2 track and took them to the wheel-press. The bolt was inside of No. 2 track. The out-of-order car was on that track. The old wheels were taken out of that car on No. 2 track. The new wheels were put in that car on the same track. The bolt was there when plaintiff removed the old wheels, or it got there in some way in the brief interval of removing one pair of wheels and putting in the new pair. This is highly improbable. The clear conclusion is that this broken bolt was in the repair yard, between the rails of No. 2 track, when plaintiff removed the old wheels, and that he did not notice it. That he had equal opportunity with the master to have seen it goes without saying. He simply stepped back over the rail of No. 2 track, on the bolt, without looking, and the wheel rolled on his foot. It is a physical impossibility to keep a repair yard, where work is going on, free from bolts, nuts, and the like. If the plaintiff did not see the bolt when he went by it, it is not reasonable to suppose that the master would have seen it. To have inspected a repair yard and to have removed from between repair tracks a broken bolt would have required the most extraordinary care, and this is not required of the master. While it is the duty of the master to inspect, and while this is a continuing duty, yet nevertheless there must be a reasonable time for inspection and time to remedy an evil after its discovery. There is not the slightest suggestion as to how the bolt got there, or how long it had been there.

"Plaintiff relied on the case of *Fenelon* v. *Railway*, 143 *Ga.* 26 [84 S. E. 57]. The report of the case is meagre, but it does appear that in that case the bolt had been allowed to remain partly on a rail, *in violation of a rule of the company*. In the instant case there is no averment as to the violation of a rule. In the *Fenelon* case it appears that the accident was at night, and it does not appear that Fenelon had equal opportunity with the master to have known of the defect. In the instant case the plaintiff had equal opportunity with the master of seeing the bolt. Plaintiff also relies

on *Southern Ry. Co.* v. *Puckett,* 16 *Ga. App.* 552 [85 S. E. 809].
By reference to page 554 of that case it will be seen that certain
rules were introduced, and it was because of the violation of these
rules that the defendant was held liable.    A reference to the
*Puckett* case shows that there is no real similarity in the facts of
that case and the instant case.    The other two cases cited by coun-
sel for plaintiff are 224 U. S. 571 [37 Sup. Ct. 703, 61 L. ed. 1321,
Ann. Cas. 1918 B, 69], which is the *Puckett* case, decided in the
16 *Ga. App.* [supra], and affirmed, and the case of Railroad *v.*
Thompson, 236 Fed. 1 [149 C. C. A. 211].    In the latter case it
appears that the plaintiff was injured by stepping on a piece of
slag the size of a cocoanut.    The rule of the company *'required that
the yard should be kept clear of such slag.'*    The case is essentially
different from the one at bar.    In my opinion, no cause of action
is shown, and the general demurrer is sustained."

Without committing ourselves to all that the careful and capable
judge has written in the above order, we are clearly convinced that
his conclusion is correct.

    *Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*